## DAVID PETERSON v. ROGERS & ROGERS.[1]

August 7, 1908.

Nos. 15,694—(152).

Action in the district court for Ramsey county to recover $680 which it was alleged defendant had agreed to retain for plaintiff and his assignor out of amounts due from the defendant to one Harris on the sale of certain live stock. The case was tried before Brill, J., and a jury which rendered a verdict in favor of plaintiff for $581.35. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*S. M. Magoffin and W. H. Williams,* for appellant.
*Bryan & Coffman,* for respondent.

PER CURIAM.

The respondent, Peterson, and a party by the name of Fletcher had agreed to sell some cattle to one Harris, but when delivery came to be made it appeared that Harris had no money to pay for them. Not being willing to trust him and being informed that he intended to ship the cattle to Rogers & Rogers, a corporation, at South St. Paul, they called up Rogers & Rogers from Bay City, Wisconsin, by long distance telephone, for the purpose of making some arrangements to have the money paid directly to them. The telephone was answered by an employee of the company named Oehler, who after hearing the story stated that "If they are shipped to us, we will protect you." Oehler took the names of the party and the amount which would be due each and made a "slip" or memorandum of the same.

The cattle were then delivered to Harris and by him shipped to Rogers & Rogers, who received them and paid the purchase price to Harris, who de-

[1] Reported in 117 N. W. 1126.

camped with the money. After waiting a few days and not receiving their money, Fletcher called Rogers & Rogers by telephone and was then informed that the money had been paid to Harris. The following day Peterson went to Rogers & Rogers and saw Mr. Rogers, the secretary and treasurer of the company. They both testified that Mr. Rogers admitted that he had seen the slip made by Oehler before the money was paid to Harris, but stated that Harris had informed him that he had been asked by Peterson and Fletcher to collect the money for them.

Fletcher assigned his claim to Peterson and this action was brought. The trial court submitted the question of Oehler's authority to the jury and a verdict was rendered in favor of the plaintiff. The defendant appealed from an order denying a new trial.

There was evidence tending to show that when Peterson called the defendant by telephone Oehler answered "This is Rogers & Rogers," and made the promise in the name of the company and made memorandum of the transaction which was seen by the secretary and treasurer of the company before the money was paid to Harris. During the long conversation between Peterson and Fletcher and the manager of the company, no claim was made that Oehler had no authority to make the promise in behalf of Rogers & Rogers. While silence at that time would not confer authority, it was persuasive evidence tending to show that Rogers then supposed that Oehler had authority. Regardless of his original authority there was ample evidence to show that Rogers & Rogers knew that the arrangement had been made in its name, and that thereafter the money was paid to Harris upon his statement that he had been requested by Peterson and Fletcher to collect the money for them and not with any intent or purpose of repudiating the authority of Oehler and disregarding the arrangement. Upon the whole evidence the question was for the jury and the order of the trial court is therefore affirmed.